Good morning. May I please call Melanie Yang for petitioner. The petitioner believes the immigration judge and the Board of Immigration Appeals made two aspects wrong in this case. The first is the Board of Immigration Appeals by applying for mandatory cooperation requirement to the Timeless of Filing Asylum Application, which is not required by even per REAL ID Act asylum law. At that time, the requirement to prove the Timeless of Filing Asylum Application is clear and a convincing standard. In this case, the immigration judge and the Board of Immigration Appeals feel that the petitioner presents credible evidence, testimony about his persecution in China in terms he helped North Koreans. Let's stop just a minute and talk to me about jurisdiction. Why do I have jurisdiction to review this claim at all? Because the board misapplied the law. Misapplied what law? The per REAL ID requirement about the one-year rule. There's no such requirement as Well, just a minute, just a minute. Do I have any jurisdiction over in the normal a BIA's determination that the application was untimely? Yes, two aspects. If the BIA misapplied the law and also if What do you mean if it misapplied the law? You mean if it If am I determining a constitutional issue here? Yes, Your Honor. What constitutional issue am I applying? Two. One is the immigration judge excluded one evidence just based on technicality because that evidence was not submitted with a certificate of translation. That evidence proved the respondent was released in August 2002. Now, just a minute. Is that a constitutional issue? 2001 Ninth Circuit Court Con case held that the immigration judge cannot exclude the evidence. But that's just an evidentiary issue. That doesn't have any constitutional implication to it. If the petitioner deprived the right to produce the evidence, then his constitutional rights was violated. The due process rights was violated. Well, I never found any of that in an evidentiary issue. But are all the facts pretty clear in this case? Yes, Your Honor. And was there any adverse credibility finding made in this case? No. Okay. So then if there is no adverse credibility finding in their undisputed facts, this might then be a question of law. Might it not be? Yes, it's about a question of law. Okay. So at that point, if I say no undisputed facts and a question of law, then I'm at the point where maybe if I have to believe everything he says because he's not adversely credible, then at that point, maybe I can find my way past jurisdiction. But I guess then the next issue is, given Lee versus Holder, shouldn't I just send this back to the BIA? Since the Lee case was published in 2009, you know — I know when it was published. Yes. And what did it establish? It established that the people have North Koreans is persecuted based on their political opinion, imputed political opinion, not the — because in this case, the BIA and the judge held that he was not persecuted on one of the protected grounds. So you would then suggest that because of Lee, I should remand this case back to the BIA? Yes, Your Honor. Anything else we need to really think about in this case except that? The Lee case is exactly on point on this case. And on this case is, like, the persecution happened in July and August 2002. Yeah. He came — filed an asylum application on January 3rd, 2003. If the judge and the BIA believe what he said, suffered persecution, is true, that means he filed asylum within one year of arrival of his — arrival of the United States. It is illogical, says — what he said happened to him in China is believable. However, even if you filed on January 3rd, we conclude you didn't prove you filed within one year of arrival because the law says is clear, convincing evidence prove you filed within one year of arrival. And the judge says he wants to see clear and convincing evidence on the date of entry. These two things are different. So I do believe in this case the petitioner proved he was in China in January — in July and August in 2002. Then he can be presumed to file his asylum application within one year of his arrival. But the document that he excluded for lack of proper authentication was an evidentiary ruling, was it not? Yes, it's evidentiary. Right. So if we conclude that the immigration judge did not abuse his discretion in excluding the document, then all we're left with is the testimony of the petitioner, correct? And also later from his landlord, first landlord in the United States. But the landlord's testimony was that he had leased an apartment or leased a room or something starting in November of 2002. November 2002, yes. But that doesn't tell us when he arrived in the United States. He could have arrived earlier but lived somewhere else. Not earlier than July 2002. And how do we know that? Because that is the date he was arrested by the Chinese government. But wasn't that the — but the proof of that is the document that was excluded from evidence. So all we have is his testimony that he was in the custody of the Chinese government in the summer of 2002. Isn't that the state of the record? Yes, Your Honor. However, per REAL ID Act, if the petitioner's testimony is credible, then no corroboration is required. Well, could the immigration judge as the finder of fact credit the testimony of a petitioner but still conclude that his testimony is insufficient to meet the clear and convincing evidence standard? Not in this case because the past persecution happened within a year of his asylum application. Well, you keep saying that, but it's a circular argument because it depends upon whether or not we believe that he was, in fact, persecuted in the summer of 2002. Right? And the only proof of that is his testimony as to when it occurred. And on that part, the judge already made a conclusion that his testimony was credible. Right. But I think you are probably familiar with our en banc opinion in which we expressly left that question open as to whether or not even credible testimony would still be sufficient to establish as a matter of law clear and convincing proof that the application was timely filed. But in this case, except his testimony, he also had a little bit of corroboration from his landlord. Okay. All right. Do you want to save some time for rebuttal? Yes, one minute. Okay. Very, very good. Thank you. We'll hear from the government. May it please the Court. Vineeth Jima for the Respondent, the Attorney General. No record evidence here compels the finding that Petitioner was prosecuted on account of a protected ground. Furthermore, the Court locks jurisdiction to review the Board's finding that Petitioner failed to timely file his asylum application. The Court locks jurisdiction both under statutory grounds, 1158A3, and also because Petitioner failed to exhaust the argument at all before the Board, and the Board never had an opportunity to consider it, whether on the basis of the bail notice or any other basis. The timeliness finding was never challenged before the Board. And to grant for this Court to have jurisdiction over it, it had to be so. In regards to the merits claim. Well, maybe we ought to take up the jurisdictional claim, because that's really what I think is important here, and I think my colleague and I have tried to emphasize the problems that we face. There's no question we have jurisdiction over a constitutional claim, correct? But this would not necessarily be a constitutional claim. That's right, Your Honor. So we have jurisdiction over questions of law, correct? That's true. And issues of law would be where we were applying law to undisputed facts, would it not? Under Ramadan, that's right, Your Honor. Well, I wasn't necessarily in favor of Ramadan, but I understand it be our law, right? That's right. So at this point, as I understand it, the BIA didn't make any adverse credibility determination, correct? That's true. So at that point, I've got to hold Chen to be credible. That's right. So if I hold him to be credible, then I must take all of his testimony to be credible. But the distinction is between. Now, just a minute. Isn't that true? That's true, Your Honor. So there's no issue of disputed fact, then. There is an issue of disputed fact. What's the issue? Petitioner claims he entered on November 25th. That's what he said. And he's credible. But there's no evidence. There's a difference between credibility and burden of proof. Well, but just a minute. I have a lot of statutory, well, an en banc decision, in fact, that says if a person is credible, he need not present any corroborating documents. That same en banc decision also states that a petitioner can be credible and still fail to meet their burden of proof. Well, I understand that. But if I haven't got anything in the testimony that controverts what he says, I have a tough time saying he didn't meet the burden of proof. The problem is that his claim that he entered on November 25th is unpersuasive.  Well, just a minute. He has testimony that is credible, and there's nothing opposing it. The testimony is that he entered with a passport that was not his own, with a picture that was not his. He was never stopped by an immigration officer in the U.S. He got through immigration in China without a passport at all. That's not convincing. That's a suspiciously convenient story. Well, just a minute. It's credible testimony. So says the IJ. It's not clear and convincing, says the IJ. Oh, I see. So I can find that something is credible, and there's no evidence contrary to it, and I can still say I don't agree? That's exactly the question that's being left open, yes. They're two different things. Well, if it's left open, it doesn't mean that it's absolute. It means I make that determination now. But in this case, that's what happened here. His testimony wasn't persuasive. It wasn't convincing. His story didn't fit together. The immigration judge and board didn't find that it was convincing enough to meet his burden of proof. A passport that doesn't have his picture, that looks a little bit like him. That was his testimony. It looked a little bit like him, and the customs officer at the U.S. airport didn't even look at him to check that he was the holder of the passport. That's not convincing. The thing that's most worrisome to me is that when I'm on appeal and I'm going to make a determination about whether the underlying judge made a good determination, I'm going to first of all determine whether I got any evidence to support what the petitioner is saying. Now I'm stuck with the fact, because they didn't make an adverse credibility determination, I'm stuck with the idea that all he said was credible. Even though it looks to me to be uncredible, it's credible. But it can't be the case that anyone can concoct a crazy story about how they entered and then have the adverse credibility determination not be made, and me to suggest, okay, they're still adversely not credible. But I think you're confusing credibility and burden of proof. Oh, I understand. If there were any facts to the contrary of the testimony which is credible, I would say burden of proof is a problem. But I find no facts. Go ahead. Isn't that the truth? Are there any facts other than disputing what his credible testimony is? This isn't a dispute. Give me a fact other than that. There is none. There's also no historical facts that necessarily prove he filed within a year, and that's his burden to establish. Well, I understand what his burden is. I'm only trying to figure out why I don't say he has the burden and met it when I got no facts against it. Well, first of all, Your Honor, the court doesn't even have jurisdiction to consider this question. Oh, just a minute. We got past that. It wasn't exhaustive. It wasn't undisputed. Even legal questions need to be exhausted before the board. They should have an opportunity to consider this. So I should send it back then? No, they should have exhausted it before they got to this court. You want us to just dismiss the appeal or the petition for lack of jurisdiction? For the asylum claim, yes, and deny it for the withholding and CAT claim. Right. Because there wasn't clear and convincing evidence. That's right, of the timeliness finding. Could I ask you this? I'm fairly new to immigration law. You're not. Why wouldn't an immigration judge in a situation like this, if he found the story inconsistent with common sense and there were lots of holes in it, difficulties with it, why wouldn't the immigration judge make an adverse credibility finding? Is it just because it's too much work or they're too busy or the law isn't clearly established or something? I can't speak for the immigration judge, Your Honor. Well, we'll speak for the circuit. I don't think the circuit has answered that question. We love to tell finders of fact that they can and cannot reach certain conclusions. And Singh basically says if the testimony is not found to be incredible, then we have to accept as proven whatever it is that the petitioner says. And as Judge Smith was wrestling with, the problem I'm having with this case is he says he arrived on an East China Airlines flight on November 25, 2002. Under Singh, we have to accept that as true, even though in my own mind I agree with your argument that why couldn't the finder of fact listen to what he says and then hear this argument about, yes, I entered under false pretenses, and no, I can't even show you the false passport that I had because the snakeheads took it from me as soon as I cleared immigration control. Why couldn't the immigration judge say, I just don't think he meets his burden of proof here, even if what he says is true? I'm not satisfied. If the Court feels that there is no way to get around that timeliness finding, the finding of a lack of nexus is dispositive of both the asylum and the withholding claim. What lack of nexus? That petitioner failed to show his prosecution was on account of a protected ground. But now you're into the realm of our decision in Lee v. Holder, which the Board didn't have the benefit of because we didn't decide it until 2009, but that opinion pretty clearly says that if you're giving aid to refugees from North Korea who are fleeing persecution on grounds of Christianity, that constitutes imputed political opinion and therefore meets one of the five grounds under the Refugee Act. The Court found based on that record, there were expert opinions on Chinese law in that record. Petitioner here has offered zero evidence that either he held the political opinion, that the police arrested him because of a political opinion, that the law is political, that the lack of law is political, that any aspect of the implementation was in any way based on any protected ground. His testimony, as I recall, was, well, these poor Korean refugees were standing in the rain on my doorstep, and I felt sorry for them. Exactly. They claimed they knew my cousin, and I just couldn't turn them away. Sympathy. I knew it was wrong. I knew I'd get in trouble for doing it. And sympathy is not a political opinion. And his nexus claim has been evolving since the beginning of his claim. His asylum application stated it was the basis of race and particular social group. He changed that to political opinion. He specifically said, I knew there was a law. I knew I was violating it. And now he's claiming there is no law. He can't disavow his prior testimony. He can't keep changing his claim and changing what the record is. Well, it makes it very easy for you when it goes back to the BIA if we have to worry about Lee, right? It doesn't need to go back because based on this record evidence. Well, there's another thing that you said that I thought was interesting, so I wanted to check my notes. You said that he didn't raise the one year before the BIA. That's right. Well, the BIA concluded that Chen failed to apply for asylum within one year of arriving. So whether he raised it or not is irrelevant. Isn't that true? If the BIA makes a determination, we're not caring what he said. The court does have law stating if the BIA addresses an issue, then it is exhausted. Okay. I just wanted to make sure. I thought to myself, why are we hearing this? I can't remember. So I had to check my notes. Anything further, counsel? Regulating a sovereign's borders is a legitimate governmental purpose. Petition was prosecuted in a legitimate prosecution. The case does not need to be sent back because this is a very different record from Lee. And subject to the court has no further questions, we rest. Thank you very much. Thank you for your good argument, counselor. Thank you. You did a great job. I think you've got a minute left. Your Honor, the governmental counsel's challenge is always on the manner of entry. Since the asylees refugees are the people persecuted in foreign countries, usually they do not have legal ways to come to the United States. So for asylum applicants, we always hear the story, you know, they came by snakehead, either cross the border or use other people's passport. That is not something unbelievable because they have no legal ways. I'm not sure I understand your argument. Are you saying it's okay for him to fraudulently enter the United States because that's the only way he could get in? If his life safety is under threat, if he needs to free that country, and for most of the asylum situations or refugees, because, like, no asylum office in China can process this kind of claim. Okay, but what do we do with the testimony, which is credible, that I took them in because they were standing on my doorstep in the rain and I felt sorry for them, that it didn't have anything to do with, you know, his opposition to? No, that's not correct. Well, I mean, that's what he said, isn't it? But by doing that, he's defying the policy of Chinese government not to help the North Koreans. So either, you know, the government sees that he has a particular opinion, you're against me, or the government will impute a particular opinion on him, you are against me. That's why government arrested him, gave him trouble. Well, but the government argues, and I think there's some force to the argument, that under Lee, we had a much different record. I mean, we had experts who provided an exegesis on North Korean and Chinese law, and we had testimony from Mr. Lee that he was a Christian and that he was doing this in order to help his fellow Christians who were fleeing persecution from North Korea. We don't have anything like that in this record. Actually, the expert testimony is also applicable to the case because You want us to take judicial notice of the record in Lee? Is that what you're asking us to do? Yes, Your Honor. And apply it as if it were factual evidence in Mr. Chen's case? Yes, because these two cases happened. What case says I can do that? Your Honor, I did not research on that. I'll save you the trouble, counsel. I don't think there is such a case that says that. That was a trick question. Anyway, the situation happened both in 2002. So the country conditions and in the same location in the northern part of China, so the political situation, the country condition in 2002 is same for Lee case and for this petitioner's case. Okay. I think we have your argument. Thank you, Your Honor. Thank you both. The case was very well argued. We appreciate it very much. The case just argued is submitted.
judges: Benson, Tallman, Smith